First case this morning, Carey Morrison against Industrial Commission 4100491. Counsel, please. Please report, Counsel. This case involves an order of the court. Originally, the trial court had remanded this case back down to the Industrial Commission, Workers' Compensation Commission, in order to clarify its order of determining whether or not to vacate a finding that psychiatric conditions were related. The commission did that, and the commission ordered an impartial medical examination. The commission, of course, has the power and right to do that by law. There was an appeal to the trial court, and the court found that the decision exceeded the scope of the court's remand, and that was it. As to clarify, it did not do anything else. This order doesn't tell the commission what to do. It doesn't tell the commission what not to do. It doesn't even remand the case back down to the commission. There was an appeal to this court. The court said it wasn't final. It went back down. The judge entered judgment again. The judge did not remand down to the commission. The judge didn't tell the commission what to do. What was the second order that the circuit court entered? It just said, I hereby enter judgment on the prior order. So it was a judgment. Yeah, that's right. Aside from questioning the propriety of the whole chronology, there was a judgment entered. Yeah. No, I don't think the judgment was entered. My point is that the judgment basically adopts the prior order, which is unclear, and I think this court needs to address that in some manner. I think the right answer is to say to the trial court, let the commission do its job. By law, the commission is the only entity that is allowed to make findings of fact and law at that level, and then the trial court has the ability to review those decisions, and that's all the Workers' Compensation Act gives it the power or the right to do. Well, what happened here, isn't it sort of clear what happened here? When the commission got the case back on remand, it realized there was an inherent inconsistency in its original decision. Clearly. By, you know, sensibly denying the psychological injury and then saying there's going to be testing, it didn't make any sense. Right. So when they got it, they obviously saw the problem, and they vacated that portion of the earlier decision so it would be consistent. Correct. What was the purpose of the trial court then remanding it to explain and clarify if the commission couldn't do anything? Are they going to explain we made a mistake and just leave it there? Well, that's my point. I mean, it strikes me as if that's what's going to happen, what happens when it goes back up? I mean, are we going to have a discussion between the trial court and the commission? I mean, is the commission then going to say we meant to vacate that order and that was a horrible intent the whole time, and then send it back up to the trial court and then the trial court will say, okay, well, you know, They had to do something. Yeah, they have to do something, and all they can do is what the law tells them to do, which is, you know, enter, make findings of fact. And I think, you know, to order an impartial medical examination is a perfectly reasonable thing. And I think that order of the commission should stand, and I think this court needs to vacate the order of the trial court. I would also like to address this is a 19B. It's an emergency hearing that is now before this, and I understand the machinations of the courts. This is a 2005 decision, and it's been six years since we've been on review on a 19B emergency hearing. And so I would ask the court to direct the trial court to send it back down to the commission as quickly as possible. Thank you. Counsel, please. Thank you. Good morning. Brad Elwood for Lake Area Recycling Services. I think counsel really hits it on the head on the jurisdictional question here. Simply adding a statement that this is the court's judgment on a non-final order doesn't make it a final and appealable order. This case came to this court originally with the original order, and this court found that that lacked jurisdiction. The court didn't have jurisdiction because it was a non-final order. The court sent it back, and the only thing that changed is the additional language. This court entered its judgment on the circuit court's order dated March 17th. Now, the problem is, and counsel was starting to allude to this, if he wouldn't have taken an appeal, how would we enforce that? What is there to enforce? The circuit court took the first step in this case and agreed with what we had proposed and said that the commission in their second decision, the 2009 decision, went beyond the scope of the remand. But they didn't take it to the next step and said, what do we do about it? Do we remand it to the commission? How did they go beyond the scope of the remand? What was the purpose of the remand? The original remand was for the commission to clarify the inconsistency and explain what it meant when it added that additional phrase after basically affirming the arbitrator's lengthy decision where it denied the psychiatric, psychological claims. Well, what possible explanation could there be that they made a mistake? Well, the two of them, would you agree, are ostensibly completely inconsistent? Yeah, they are, exactly, and that was the point that was made. Well, they made a mistake and they clarified it, right? Well, correct it. The number of times that I've seen an accidental phrase appear in either arbitrator or commission decision, I've got several cases right now where the arbitrator and the body of the decision has a lengthy discussion of what the ruling was and the reason, and then the statement up front has the complete opposite. They make mistakes. And we were asking both parties, we were asking for the commission to clarify. I don't think that the remand was to completely revisit the issue of causation. So what would have happened if the commission said we made a mistake, what would that have accomplished? Where would you go from there? I think the conclusion would have been... Back up to the circuit court? Yeah. For what purpose? You're chasing your tail. You're going in circles. They have to do something, right? Yeah. Well, I think the thing to do here would have been to remove that language and allow it to go up and allow it to be reviewed on a manifest way basis. What they've done here is they've essentially given the petitioner a second bite of the apple. The court is aware of the volume of this record. This is a large record and it's predominantly medical, predominantly related to the psychiatric allegations, conditions. And they had an opportunity to prove their case. They had an opportunity to bring in a psychiatrist. They did. They brought in a psychologist. We brought in a psychologist. And this issue was litigated. And what's happened is now the commission has said, well, you know what, you can go back and try it all over again. And I know I'm jumping ahead a little bit of myself here, but I think the first thing that the court must do is say, did that circuit court decision of last summer, is it a final and appealable order? What are we supposed to do with that? And if it's not, it's got to go back. I can't tell from that opinion whether or not we should go back to the commission and have them further explain this or whether or not we should have gone on the manifest way basis. I don't know what the court did. We went in afterwards and tried to have a conference after this court said, we don't find jurisdiction. We tried to explain what we thought that you were wanting from that court. And effectively, the order that we had submitted to the court, it's in the record right now, I believe it's at C-162. That order essentially summarized what I believed was the relief that was originally granted by the court at the hearing based on the oral representations. But when we submitted the written, it ended up being just a tiny, tiny portion of that. And it ended up with the order that we have today. We remanded the case for an entry of judgment, correct? I mean, that was the order. Yes, the non-final order. Yes. Clark says, OK, I enter judgment. You enter judgment, right? But it's a non-final order. It's an interlocutory order. It doesn't tell us anything. It just tells us that she agrees with what we said. But on what basis? I mean, she couldn't just simply reenter. If she agreed with my position, which was that the commission was wrong in their second opinion, then she would have had to say to them, what do we do about the original decision? We just can't affirm the original inconsistent decision. So did she get into the first decision and strike that language? Did she find that she agreed that the second decision is against the statute of limitations? Was the order entered? I'm sorry? Were you there when the order was entered? Which one, Your Honor? The second one that just simply entered judgment. Actually, we were there at a hearing. There was a ruling made from the bench and an order was submitted. The counsel had forwarded it to me in advance, and this was the order that she wanted to sign. Yes, I was there, but not when it was actually signed. Counselor made no comments about why she was entering that particular language? No, Your Honor. And I can understand. One of the questions you might have is, why are we here? Both of us think this might be a non-final order. But I think the concern is, if I were in his position, I'd be nervous, too. I would have filed an appeal and asked this court to decide the issue. Because, frankly, if the issue ever comes up, did we do the right thing, people are going to look to you with a lot more credibility than they would my decision. So that's why it's before you. Let me throw another ridge into this. When I went back to the commission and the commission vacated the psychiatric determination and remanded to the arbitrator for further proceedings, was that a final order that was appealable to the circuit court? Well, that's a valid question, and I think we took the position that it was because it went beyond the scope of the original remand, and so we filed a review to the circuit court. In other words, at this point, we don't have a final 19B determination because part of the arbitrator's decision was vacated. That's a possible conclusion. I would agree with that. The arbitrator has never decided all the issues at this point. That's correct. But given that we have a 19B, and given what we felt was a void action by the commission, we took it to the circuit court at that point. Again, choosing safety over error. And that's why we appeared before the circuit court. So yes. Now, if this court finds jurisdiction, I think we've laid out in our brief, and I really don't want to get into that too much because counsel didn't either, but we've laid out what our belief is as far as the merits of the case. We think there's two different approaches that the court could take. In the end, we think manifestly, if we're stuck with the position that we're looking solely at the second commission ruling, we think it's against the manifest way of the evidence. We've laid out reasons for that, I think, fairly well in our brief, and I really don't want to belabor those. I think jurisdiction is the primary issue. So we would ask you to take a very close look at that and give us some guidance on where we really need to be on this case. And I agree, this has gone on for a long time, and we want this to come to an end. It's a strange procedural situation, so we ask for your assistance. Thank you. Ronald? I think what some of the questions we alluded to are right on point. What should have happened in this case is that the commission sent it back to the arbitrator for an impartial medical exam, and I think that should have happened, and that got appealed, and then we got this conversation going on between the trial court and the commission, which should not happen and should not be allowed to continue. And I think this has to go back down to the commission to finalize their order before the trial court or this court should be reviewing the orders of the commission. In other words, we need a final order of the commission before we can have the trial court addressing whether or not it was a reasonable order, rather than piecemeal, well, I'd like you to explain what your order was and do nothing and then tell me about it, which I don't think anybody thinks makes any sense. And so, I mean, I think we have to allow this process to finalize in the commission, and I'd ask you to order the trial court to send it back down to the commission and let them finish their order before the trial court does any more interjecting about what should and what should not happen and send it back down. What do you mean by let them finish their order? What is it you expect them to do? Send it back down to the, well, the commission ordered that the arbitrator select an impartial medical examiner and make findings as to whether or not this is related or not. And I think that's a reasonable thing to do. Because I think that while I don't agree with the commission's decision, I think the commission's saying we don't like any of your experts, you know, and so we want our own. And the law lets them do that. Why not let the arbitrator make that determination and send it back to the, and then you've got a final decision of the commission, and then the trial court can rule on whether or not it was against the manifest way. And I think that's the only way this is going to really proceed properly. And if you don't accept jurisdiction, I don't know what we're going to do. I mean, you know, we've got a non-final order from the judge. If you accept his argument that the judge says it's final and doesn't remand it back down to the commission and kind of sort of suggest that they're not supposed to do what they want to do, I don't know what you can do. I mean, I think the only thing you can do is give some direction to the trial court. Thank you. Thank you, counsel. The court will take the matter under advisement for disposition.